# UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF WASHINGTON
# AT SEATTLE

| | |
|---|---|
| JOEL HODGELL,<br><br>    Plaintiff,<br><br>v.<br><br>ANDERSEN CORPORATION, a foreign corporation; and RENEWAL BY ANDERSEN LLC, a limited liability corporation,<br><br>    Defendants. | Case No. 2:23-cv-00649<br><br>**NOTICE OF REMOVAL** |

NOTICE OF REMOVAL
[Case No.: 2:23-cv-00649] - 1

**Newman Du Wors LLP**

1201 Second Avenue, Suite 900
Seattle, Washington 98101
(206) 274-2800

**To:** United States District Court for the Western District of Washington

**And to:** Plaintiff Joel Hodgell

PLEASE TAKE NOTICE THAT, under 28 U.S.C. § 1332, 1441, and 1446, Defendants Andersen Corporation ("Andersen") and Renewal by Andersen LLC ("RBA"), hereby remove the above-captioned action filed in King County Superior Court as *Hodgell v. Andersen Corp. et al.*, No. 23-05382-6 SEA ("State Court Action"). Removal is based on diversity jurisdiction under 28 U.S.C. § 1332. As grounds for removal of this action under 28 U.S.C. 1446(a), Defendants state as follows:

## Statement of Jurisdiction

This Court has jurisdiction over this action under 28 U.S.C. § 1332(a) and 1441(b) and all other applicable bases for removal because (1) there is complete diversity of citizenship between Plaintiff, on the one hand, and Defendants, on the other hand; and (2) the amount in controversy exceeds $75,000, exclusive of interests and costs.

## State Court Action

On March 24, 2023, Plaintiff commenced the State Court Action by filing a complaint for violations of the Washington Consumer Protection Act, RCW Ch. 19.86 *et seq.*, in King County Superior Court. A true and correct copy of the Complaint filed in the State Court Action is attached hereto as Exhibit 1.

In the Complaint, Plaintiff seeks recovery for (1) statutory liquidated damages under RCW 19.190.040; (2) treble damages under RCW 19.86.090; (3) civil penalties under RCW 19.86.140; (4) injunctive relief; (5) attorney fees and other costs; (6) prejudgment and post-judgment interest; and (7) other relief the Court deems just and proper. (Compl. ¶¶ 25–33.) Defendants deny all of Plaintiff's alleged claims, deny any wrongdoing, and deny that Plaintiff is entitled to any relief. Defendants deny that they are subject to personal jurisdiction in this Court and further reserve their right to move to dismiss the Complaint on that ground, among others.

NOTICE OF REMOVAL
[Case No.: 2:23-cv-00649] - 2

NEWMAN DU WORS LLP

1201 Second Avenue, Suite 900
Seattle, Washington 98101
(206) 274-2800

## Timeliness of Removal

On April 3, 2023, Plaintiff served Defendants with summons and copies of the Complaint. Removal is timely under 28 U.S.C. § 1446(b) as Defendants filed this Notice of Removal within thirty days of the April 3, 2023 service of process.

## Procedural Prerequisites

Attached hereto as Exhibit 2 are true and complete copies of all other records and proceedings in the State Court Action. As required by 28 U.S.C. § 1446(d), a removal notice, together with a copy of this Notice of Removal, will be filed with the Clerk of the King County Superior Court and will be served on Plaintiff.

In compliance with LCR 101(b), Defendants have filed contemporaneously with this Notice of Removal:

(1) A copy of the operative complaint, attached as a separate "attachment" in the electronic filing system and labeled as the "complaint". LCR 101(b)(1).

(2) A certificate of service which lists all counsel who have appeared in the action with their contact information, including email address. LCR 101(b)(2).

(3) In response to LCR 101(b)(3), at the time of filing of this Notice of Removal, no party had filed a jury request. Defendants has not waived any jury rights it may have with respect to this action and does not intend for this filing to waive any either.

(4) A completed Civil Cover Sheet (AO44). LCR 101(b)(4).

Additionally, as required by Rule 7.1 of the Federal Rules of Civil Procedure, Defendants are filing corporate disclosure statement with this Notice of Removal.

Removal to this Court is proper under 28 U.S.C. §§ 1441 and 1446 because the State Court Action is currently pending in King County, which is located in this district and division.

NOTICE OF REMOVAL
[Case No.: 2:23-cv-00649] - 3

NEWMAN DU WORS LLP

1201 Second Avenue, Suite 900
Seattle, Washington 98101
(206) 274-2800

## Grounds for Removal

**A.   The District Court has jurisdiction under 28 U.S.C. § 1332.**

The Court has original jurisdiction in this case under 28 U.S.C. § 1332(a), and thus removal is appropriate under 28 U.S.C. §§ 1441 and 1446. 28 U.S.C. § 1332(a) provides, in relevant part: "The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between— (1) citizens of different States . . . ." As set forth below, Plaintiff's allegations, along with the evidence attached hereto, establish that the State Court Action meets both the diversity-of-citizenship and amount-in-controversy requirements.

**B.   There is complete diversity of citizenship between the parties.**

First, diversity of citizenship exists in this case. To prove complete diversity, "Defendants must . . . show that none of them is a citizen of the same state as [Plaintiff]." *Sherron Assocs. Loan Fund IV, LLC v. Saucier*, No. C06-226JLR, 2006 WL 1009269, at *2 (W.D. Wash. Apr. 12, 2006).

For diversity purposes, an individual is a citizen of the state in which he or she is domiciled, not the individual's state of residence. *Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001). But a "party's residence is prima facie proof of domicile." *Christian v. Regence Bluecross Blueshield of Oregon*, No. C20-5445-RJB-MAT, 2020 WL 5045157, at *3 (W.D. Wash. Aug. 3, 2020) (citation omitted). In determining an individual's domicile, courts may also consider several factors including the individual's "current residence, voting registration and voting practices, location of personal and real property, location of brokerage and bank accounts, location of spouse and family, membership in unions and other organizations, place of employment or other business, driver's license and automobile registration, and payment of taxes." *Sherron*, 2006 WL 1009269, at *3.

"Under 28 U.S.C. § 1332(c)(1), a corporation is deemed a citizen both of its state of incorporation and its principal place of business." *Rosenblatt v. Ernst & Young Int'l, Ltd.*, 28 F. App'x 731, 732 (9th Cir. 2002). A limited liability company, on the other hand, "is a

NOTICE OF REMOVAL
[Case No.: 2:23-cv-00649] - 4

NEWMAN DU WORS LLP

1201 Second Avenue, Suite 900
Seattle, Washington 98101
(206) 274-2800

citizen of every state of which its owners/members are citizens." *Johnson v. Columbia Props. Anchorage, LP*, 437 F.3d 894, 899 (9th Cir. 2006). This is determined at the time of filing the complaint or, if the case has been removed, at the time of removal. *Strotek Corp. v. Air Transp. Ass'n of Am.*, 300 F.3d 1129, 1131 (9th Cir. 2002) (citations omitted).

"[J]urisdictional allegations in the complaint can be taken as a sufficient basis, on their own, to resolve questions of jurisdiction where no party challenges the allegations." *Mondragon v. Cap. One Auto Fin.*, 736 F.3d 880, 886 (9th Cir. 2013) (citation omitted). Otherwise, the Court may rely on evidence Defendants put forward. *See Singer v. State Farm Mut. Auto. Ins. Co.*, 116 F.3d 373, 377 (9th Cir. 1997).

**Plaintiff's Citizenship.** Upon information and belief, and based on the allegations in the Complaint and the statute he sued under, Plaintiff is a natural person and citizen of Washington. (Compl. ¶ 3 ("At all relevant times, Mr. Hodgell was a resident of King County and a citizen of the United States.")); RCW 19.190.030 (prohibiting the transmission of certain emails to an email address "that the sender knows, or has reason to know, is *held by a Washington resident*") (emphasis added). Additionally, it appears Plaintiff has resided in Washington since at least 2003 when he filed the Certificate of Formation for his limited liability company, We All Won, LLC.[1] (Declaration of Abigail Howd in Support of Defendants' Notice of Removal ("Howd Decl.") ¶ 3, Ex. A (Certificate of Formation from 2003 and 2022 Express Annual Report, both listing a Seattle, Washington address for Plaintiff).

**Andersen's Citizenship.** Andersen is a Minnesota corporation with its principal place of business in Bayport, Minnesota. (Declaration of William N. Barron in Support of Defendants' Notice of Removal ("Barron Decl.") ¶ 4.) Andersen is thus a citizen of Minnesota. *See Rosenblatt*, 28 F. App'x at 732.

---

[1] The Court may take judicial notice of these documents because they are public records filed with the Secretary of State for Washington and thus are "not subject to reasonable dispute because [they] . . . can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." *Cave Man Kitchens Inc. v. Caveman Foods, LLC*, No. 2:18-cv-01274, 2019 WL 3891327, at *2 (W.D. Wash. Aug. 19, 2019) (taking notice of public records filed with the Secretaries of State for California and Washington).

NOTICE OF REMOVAL
[Case No.: 2:23-cv-00649] - 5

NEWMAN DU WORS LLP

1201 Second Avenue, Suite 900
Seattle, Washington 98101
(206) 274-2800

**RBA's Citizenship.** RBA is a limited liability company with a single member, SLBP Holdings Corporation. (Barron Decl. ¶ 5.) SLBP Holdings Corporation is a Minnesota corporation with its principal place of business in Bayport, Minnesota. (*Id.*) Thus RBA, like Andersen, is also a citizen of Minnesota. *See Johnson*, 437 F.3d at 899.

As Plaintiff is a citizen of a state (Washington) different from both Defendants, complete diversity exists. *See Sherron Assocs.*, 2006 WL 1009269, at *2.

**C.    The amount in controversy exceeds $75,000.**

This case also satisfies the amount in controversy requirement under 28 U.S.C. § 1332(a). Defendants in no way concede that Plaintiff is entitled to any relief whatsoever from Defendants. Defendants expressly reserve the right to contest all such claims and damages.

Plaintiff alleges that "[f]rom June 8, 2019 through the present" Defendants have sent him "misleading electronic mail messages." (Compl. ¶ 8.) Though Plaintiff omitted the specific number of emails from his Complaint, in a pre-suit demand letter to Defendants sent in December 2022, he claimed to have received "80+" emails from Defendants. (Howd Decl. ¶ 4, Ex. B). A settlement letter "is relevant evidence of the amount in controversy if it appears to reflect a reasonable estimate of the plaintiff's claim." *Cohn v. Petsmart, Inc.*, 281 F.3d 837, 840 (9th Cir. 2002) (collecting cases). In the Complaint, Plaintiff requests "statutory liquidated damages as provided by RCW 19.190.040." (Compl. ¶ 27.) And RCW 19.190.040 provides for damages of $500 per violative email or actual damages, whichever is greater. Though the exact number of emails in dispute is unknown, Plaintiff's requested statutory damages for even 80 emails would total $40,000. However, as detailed in his pre-suit demand, Plaintiff further seeks actual damages under the same statute based on a $150,000 payment allegedly promised in the subject line of an email he received. (Howd Decl. ¶ 4, Ex. B (emailed demand seeking actual damages of $150,000 based on receipt of same email alleged in the Complaint); *see also* Compl. ¶ 10 (allegiNOTICEng receipt of email offering a $150,000

NOTICE OF REMOVAL
[Case No.: 2:23-cv-00649] - 6

NEWMAN DU WORS LLP

1201 Second Avenue, Suite 900
Seattle, Washington 98101
(206) 274-2800

payment to Plaintiff's retirement account).) Accordingly, Plaintiff's claimed actual damages alone exceed the amount-in-controversy requirement.

Plaintiff also seeks "treble damages as permitted by RCW 19.86.090." (Compl. ¶ 28.) In relevant part, RCW 19.86.090 also provides for actual damages and a discretionary "award of damages up to an amount three times the actual damages sustained," but caps such treble damages at $25,000. In other words, if Plaintiff were entitled to relief (which Defendants deny), he purports to be entitled to at least $175,000 under RCW 19.86.090 ($150,000 in claimed actual damages plus $25,000 in treble damages). This also far exceeds the $75,000 jurisdictional requirement.

Additionally, Plaintiff seeks to recover civil penalties from Defendants under RCW 19.86.140. (Compl. ¶ 29.) RCW 19.86.140 provides that "[e]very person who violates RCW 19.86.020 shall forfeit and pay a civil penalty of not more than $7,500 for each violation . . . ." Based on Plaintiff's alleged receipt of at least 80 emails, these penalties alone would total $600,000.

Although Defendants deny Plaintiff's claims of wrongdoing and that Plaintiff is entitled to any damages, his requested relief far exceeds $75,000 and thus satisfies the amount-in-controversy requirement.

Nothing in this Notice of Removal shall be interpreted as a waiver of Defendants' right to assert any defense, including, without limitation, defenses based on lack of personal jurisdiction. Defendants reserve all rights.

Dated May 3, 2023

Respectfully submitted,

**NEWMAN DU WORS LLP**

s/ Derek Linke
s/ Derek A. Newman
Derek Linke, WSBA No. 38314
*linke@newmanlaw.com*
Derek A. Newman, WSBA No. 26967
*dn@newmanlaw.com*

NOTICE OF REMOVAL
[Case No.: 2:23-cv-00649] - 7

NEWMAN DU WORS LLP

1201 Second Avenue, Suite 900
Seattle, Washington 98101
(206) 274-2800

1201 Second Avenue, Suite 900
Seattle, WA 98101
Telephone: (206) 274-2800

Ryan D. Wastein (*pro hac vice* to be filed)
*ryan@wtlaw.com*
Abigail L. Howd (*pro hac vice* to be filed)
*ahowd@wtlaw.com*
WATSTEIN TEREPKA LLP
1055 Howell Mill Rd., 8th Floor
Atlanta, Georgia 30318
Tel: (404) 418-8307

Attorneys for Defendants
Andersen Corporation and
Renewal by Andersen LLC

NOTICE OF REMOVAL
[Case No.: 2:23-cv-00649] - 8

NEWMAN DU WORS LLP

1201 Second Avenue, Suite 900
Seattle, Washington 98101
(206) 274-2800

# Certificate of Service

I, the undersigned, certify and declare that I am over the age of 18 years, employed in the county of King, State of Washington, and not a party to the above-entitled cause; my business address is Newman Du Wors LLP, 1201 Second Avenue, Suite 900, Seattle, Washington 98101.

On May 3, 2023, I served a true copy of foregoing by personally delivering it to the person(s) indicated below in the manner as provided in Fed. R. Civ. P. 5(b) by depositing it for delivery by USPS in a sealed envelope with the postage thereon fully prepaid to the following:

> Gregory W. Albert, WSBA No. 42673
> Tallman H. Trask, WSBA No. 60280
> ALBERT LAW PLLC
> 3131 Western Ave, Suite 410
> Seattle, WA 98121
> greg@albertlawpllc.com
> tallman@albertlawpllc.com
>
> Attorneys for Plaintiff Joel Hodgell

I hereby certify under the penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on May 3, 2023 at Little Rock, Arkansas.

s/ Devonnie Wharton
Devonnie Wharton, Paralegal

NOTICE OF REMOVAL
[Case No.: 2:23-cv-00649] - 9

NEWMAN DU WORS LLP

1201 Second Avenue, Suite 900
Seattle, Washington 98101
(206) 274-2800