The Honorable Lauren King

# UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF WASHINGTON
# AT SEATTLE

JOEL HODGELL,

    Plaintiff,

v.

ANDERSEN CORPORATION, a foreign corporation; and RENEWAL BY ANDERSEN LLC, a limited liability corporation,

    Defendants.

Case No. 2:23-cv-00649-LK

**DEFENDANTS' ANSWER AND AFFIRMATIVE DEFENSES**

DEFS.' ANSWER & AFFIRMATIVE DEFENSES
[Case No.: 2:23-cv-00649-LK] - 1

NEWMAN DU WORS LLP

1201 Second Avenue, Suite 900
Seattle, Washington 98101
(206) 274-2800

Defendants Andersen Corporation ("Andersen") and Renewal By Andersen, LLC ("RBA") hereby submit their Answer and Affirmative Defenses to Plaintiff Joel Hodgell's Complaint for Damages and Injunctive Relief (Dkt. No. 1-1) and state as follows:

Defendants admit that Plaintiff, in his unnumbered first paragraph, purports to bring this case against Defendants. Except as expressly admitted, Defendants deny the allegations in this paragraph.

## INTRODUCTION[1]

1. Defendants admit that Plaintiff purports to bring an action under RCW § 19.86 et seq., and RCW § 19.190 et seq. Except as expressly admitted, Defendants deny the allegations in paragraph 1 of the Complaint and expressly deny that Plaintiff brings a cognizable action.

2. Defendants deny the allegations in paragraph 2 of the Complaint.

## PARTIES

3. Defendants admit that Joel Hodgell is the Plaintiff in this case. Defendants are without knowledge or information sufficient to form a belief as to the remaining allegations in paragraph 3 of the Complaint, and therefore deny the same.

4. Defendants admit that Andersen is a defendant in this case, that it is a foreign corporation headquartered in Bayport, Minnesota, and that it manufactures window and doors. Except as expressly admitted, Defendants deny the allegations in paragraph 4 of the Complaint.

5. Defendants admit that Renewal is a defendant in this case and that it is a foreign limited liability company headquartered in Bayport, Minnesota, and licensed to do business in Washington. Defendants further admit that Renewal is a subsidiary of Andersen, which provides window and door replacement services. Except as expressly admitted, Defendants deny the allegations in paragraph 5 of the Complaint.

---

[1] Defendants have incorporated the Complaint's formatted headings for consistency. Defendants do not admit any allegations in such headings except as otherwise specifically admitted herein and reserve all objections.

DEFS.' ANSWER & AFFIRMATIVE DEFENSES
[Case No.: 2:23-cv-00649-LK] - 2

NEWMAN DU WORS LLP

1201 Second Avenue, Suite 900
Seattle, Washington 98101
(206) 274-2800

## JURISDICTION AND VENUE

6. The allegations in paragraph 6 of the Complaint constitute legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations of paragraph 6. Defendants specifically deny that their contacts with this forum are sufficient to subject them to personal jurisdiction in this Court or in the State of Washington.

7. The allegations in paragraph 7 of the Complaint constitute legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations of paragraph 7.

## FACTS

8. Defendants deny the allegations in paragraph 8 of the Complaint.

9. Defendants deny the allegations in paragraph 9 of the Complaint.

10. Defendants deny the allegations in paragraph 10 of the Complaint.

11. Defendants deny the allegations in paragraph 11 of the Complaint.

12. Defendants deny the allegations in paragraph 12 of the Complaint.

13. Defendants deny the allegations in paragraph 13 of the Complaint.

14. Defendants deny they caused spam email message to be sent to Plaintiff after he directly contacted them and informed them of his residency. Defendants are without knowledge or information sufficient to form a belief as to the remaining allegations in paragraph 14 of the Complaint, and therefore deny the same.

## LEGAL ALLEGATIONS

### COUNT ONE
### Alleged Violation of Consumer Protection Act, RCW § 19.86 et seq.

15. Defendants incorporate by reference paragraphs 1 through 14 above as though set forth in full herein.

16. Defendants deny the allegations in paragraph 16 of the Complaint.

17. Defendants deny the allegations in paragraph 17 of the Complaint.

18. Defendants deny the allegations in paragraph 18 of the Complaint.

DEFS.' ANSWER & AFFIRMATIVE DEFENSES
[Case No.: 2:23-cv-00649-LK] - 3

NEWMAN DU WORS LLP

1201 Second Avenue, Suite 900
Seattle, Washington 98101
(206) 274-2800

19. The allegations in paragraph 19 of the Complaint are legal conclusions to which no response is required. To the extent a response is required, Defendants state that the Commercial Electronic Mail Act, RCW § 19.190 et seq., and the Consumer Protection Act, RCW § 19.86 et seq., speak for themselves, and Defendants deny any allegations inconsistent therewith. Except as expressly admitted, Defendants deny the allegations in paragraph 19 of the Complaint.

20. The allegations in paragraph 20 of the Complaint are legal conclusions to which no response is required. To the extent a response is required, Defendants state that the Commercial Electronic Mail Act, RCW § 19.190 et seq., and the Consumer Protection Act, RCW § 19.86 et seq., speak for themselves, and Defendants deny any allegations inconsistent therewith. Except as expressly admitted, Defendants deny the allegations in paragraph 20 of the Complaint.

21. Defendants deny the allegations in paragraph 21 of the Complaint.

22. The allegations in paragraph 22 of the Complaint are legal conclusions to which no response is required. To the extent a response is required, Defendants state that the Commercial Electronic Mail Act, RCW § 19.190 et seq., and the Consumer Protection Act, RCW § 19.86 et seq., speak for themselves, and Defendants deny any allegations inconsistent therewith. Except as expressly admitted, Defendants deny the allegations in paragraph 22 of the Complaint.

23. The allegations in paragraph 23 of the Complaint are legal conclusions to which no response is required. To the extent a response is required, Defendants state that the Commercial Electronic Mail Act, RCW § 19.190 et seq., and the Consumer Protection Act, RCW § 19.86 et seq., speak for themselves, and Defendants deny any allegations inconsistent therewith. Except as expressly admitted, Defendants deny the allegations in paragraph 23 of the Complaint.

24. The allegations in paragraph 24 of the Complaint are legal conclusions to which no response is required. To the extent a response is required, Defendants state that the Commercial Electronic Mail Act, RCW § 19.190 et seq., and the Consumer Protection

DEFS.' ANSWER & AFFIRMATIVE DEFENSES
[Case No.: 2:23-cv-00649-LK] - 4

NEWMAN DU WORS LLP

1201 Second Avenue, Suite 900
Seattle, Washington 98101
(206) 274-2800

Act, RCW § 19.86 et seq., speak for themselves, and Defendants deny any allegations inconsistent therewith. Except as expressly admitted, Defendants deny the allegations in paragraph 24 of the Complaint.

## DAMAGES AND PRAYER FOR RELIEF

25. Defendants deny that Plaintiff is entitled to any relief, including as requested in paragraph 25 of the Complaint.

26. Defendants deny that Plaintiff is entitled to any relief, including as requested in paragraph 26 of the Complaint.

27. Defendants deny that Plaintiff is entitled to any relief, including as requested in paragraph 27 of the Complaint.

28. Defendants deny that Plaintiff is entitled to any relief, including as requested in paragraph 28 of the Complaint.

29. Defendants deny that Plaintiff is entitled to any relief, including as requested in paragraph 29 of the Complaint.

30. Defendants deny that Plaintiff is entitled to any relief, including as requested in paragraph 30 of the Complaint.

31. Defendants deny that Plaintiff is entitled to any relief, including as requested in paragraph 31 of the Complaint.

32. Defendants deny that Plaintiff is entitled to any relief, including as requested in paragraph 32 of the Complaint.

33. Defendants deny that Plaintiff is entitled to any relief, including as requested in paragraph 33 of the Complaint.

## GENERAL DENIAL

Except as expressly admitted, Defendants deny each and every other allegation set forth in the Complaint.

DEFS.' ANSWER & AFFIRMATIVE DEFENSES
[Case No.: 2:23-cv-00649-LK] - 5

NEWMAN DU WORS LLP

1201 Second Avenue, Suite 900
Seattle, Washington 98101
(206) 274-2800

**AFFIRMATIVE DEFENSES**

**FIRST AFFIRMATIVE DEFENSE**
**(Lack of Personal Jurisdiction)**

Plaintiff's claims fail because this Court lacks personal jurisdiction over Defendants. Defendants are not subject to the general personal jurisdiction of this Court because they are not "at home" in Washington. Nor are they subject to specific personal jurisdiction because Defendants did not purposefully avail themselves of this forum. Any alleged emails at issue were sent by a third party for which Defendants are not vicariously (or otherwise) liable.

**SECOND AFFIRMATIVE DEFENSE**
**(Failure to State a Claim for Relief)**

The Complaint fails to allege facts sufficient to state a claim for relief against Defendants.

**THIRD AFFIRMATIVE DEFENSE**
**(No Actual Injury or Harm)**

Plaintiff's claims fail because Plaintiff has not suffered any actual injury or harm as a result of Defendants' alleged conduct, including to Plaintiff's "business or property."

**FOURTH AFFIRMATIVE DEFENSE**
**(Consent)**

Plaintiff is barred from asserting his claims in whole or in part to the extent the emails at issue were made with Plaintiff's prior express consent.

**FIFTH AFFIRMATIVE DEFENSE**
**(Acquiescence, Estoppel, Waiver, and Unclean Hands)**

Plaintiff is barred from asserting his claims, in whole or in part, by the doctrines of acquiescence, estoppel, waiver, and/or unclean hands.

DEFS.' ANSWER & AFFIRMATIVE DEFENSES
[Case No.: 2:23-cv-00649-LK] - 6

NEWMAN DU WORS LLP

1201 Second Avenue, Suite 900
Seattle, Washington 98101
(206) 274-2800

## SIXTH AFFIRMATIVE DEFENSE
### (Statute of Limitations)

To the extent Plaintiff alleges violations that fall outside the applicable statute of limitations, Plaintiff's claims are barred.

## SEVENTH AFFIRMATIVE DEFENSE
### (Laches)

Plaintiff is barred from asserting his claims in whole or in part by the doctrine of laches.

## EIGHTH AFFIRMATIVE DEFENSE
### (Failure to Mitigate Damages)

Plaintiff is barred from asserting his claims in whole or in part by his failure to mitigate his purported damages.

## NINTH AFFIRMATIVE DEFENSE
### (No Knowing or Willful Conduct)

Any claim for treble or punitive damages is barred because Defendants did not engage in knowing or willful conduct.

## TENTH AFFIRMATIVE DEFENSE
### (No Proximate Cause)

Defendants did not proximately cause any damages, injury, or violation alleged in the Complaint. Instead, to the extent any harm occurred, the acts of third parties (such as vendors Plaintiff, or other persons) proximately caused any damages, injuries, or violations at issue.

## ELEVENTH AFFIRMATIVE DEFENSE
### (Standing)

Plaintiff lacks standing to bring the claims alleged in the Complaint, because any harm allegedly caused by the emails at issue (which Defendants deny) is not fairly traceable to any violation allegedly committed by Defendants.

DEFS.' ANSWER & AFFIRMATIVE DEFENSES
[Case No.: 2:23-cv-00649-LK] - 7

NEWMAN DU WORS LLP

1201 Second Avenue, Suite 900
Seattle, Washington 98101
(206) 274-2800

## TWELFTH AFFIRMATIVE DEFENSE
### (No Agency or Vicarious Liability and Proportional Allocation of Fault)

Any damages, injury, violation, or wrongdoing alleged in the Complaint was caused by third parties or Plaintiff for which Defendants cannot be held vicariously liable. Further, Defendants did not authorize, ratify, encourage, participate in, aid, abet, or assist in any of the conduct alleged in the Complaint and cannot be held liable for it. For example, to the extent vendors caused any damages, injury, violations of the law or wrongdoing or engaged in the conduct alleged in the Complaint, those vendors acted outside the scope or in violation of the parties' agreements and Defendants did not approve of that conduct. As such, Defendants cannot be held vicariously liable. And even if they could, their liability, if any, must be eliminated or reduced by an amount proportionate to the fault attributable to those third parties or Plaintiff.

## THIRTEENTH AFFIRMATIVE DEFENSE
### (Adequate Remedy at Law)

The Complaint fails to state a claim for injunctive relief because Plaintiff has an adequate remedy at law. For example, RCW § 19.190.040 provides for damages to the recipient of a violative email message of the greater of $500 or actual damages.

## FOURTEENTH AFFIRMATIVE DEFENSE
### (First Amendment)

The Commercial Electronic Mail Act, RCW § 19.190.060, violates the First Amendment to the United States Constitution because (1) it is overinclusive; (2) it is not narrowly tailored to serve a compelling government interest; and (3) it has no rational relation to a legitimate government interest.

## FIFTEENTH AFFIRMATIVE DEFENSE
### (Due Process)

The application of the Commercial Electronic Mail Act upon which the Complaint is based, including the imposition of statutory damages on Defendants, would violate the Due Process provisions of the United States Constitution. For example, certain

definitions contained in the Commercial Electronic Mail Act render the statute unconstitutionally vague.

### SIXTEENTH AFFIRMATIVE DEFENSE
### (Preemption)

Plaintiff's claims are barred in whole or in part to the extent they are preempted by any federal statute or regulation.

### SEVENTEENTH AFFIRMATIVE DEFENSE
### (No Authorization)

Defendants did not initiate or assist in the transmission of an email to Plaintiff, as defined under Washington's Commercial Electronic Mail Act.

### EIGHTEENTH AFFIRMATIVE DEFENSE
### (Reservation of Right to Assert Further Defenses)

Defendants have not knowingly or intentionally waived any applicable defenses and give notice that they intend to rely on such other and further affirmative defenses as may become available during discovery in this action. Defendants reserve the right to amend their Answer to assert any such defenses.

### PRAYER FOR RELIEF

Defendants Andersen Corporation and Renewal by Andersen, LLC, pray for judgment as follows:

1. That Plaintiff take nothing from Defendants by reason of this Complaint and that judgment be entered in favor of Defendants;
2. For dismissal of the Complaint with prejudice;
3. That the Court award Defendants costs and reasonable attorneys' fees; and
4. For such other relief as the Court deems just and proper.

DEFS.' ANSWER & AFFIRMATIVE DEFENSES
[Case No.: 2:23-cv-00649-LK] - 9

Newman Du Wors LLP

1201 Second Avenue, Suite 900
Seattle, Washington 98101
(206) 274-2800

| | |
|---|---|
| Dated June 2, 2023 | Respectfully submitted,<br><br>**NEWMAN DU WORS LLP**<br><br>s/ Derek Linke<br>s/ Derek A. Newman<br>Derek Linke, WSBA No. 38314<br>*linke@newmanlaw.com*<br>Derek A. Newman, WSBA No. 26967<br>*dn@newmanlaw.com*<br>1201 Second Avenue, Suite 900<br>Seattle, WA 98101<br>Telephone: (206) 274-2800<br><br>s/ Ryan D. Wastein<br>s/ Abigail L. Howd<br>Ryan D. Wastein (*pro hac vice*)<br>*ryan@wtlaw.com*<br>Abigail L. Howd (*pro hac vice*)<br>*ahowd@wtlaw.com*<br>**WATSTEIN TEREPKA LLP**<br>1055 Howell Mill Rd., 8th Floor<br>Atlanta, Georgia 30318<br>Tel: (404) 418-8307<br><br>Attorneys for Defendants<br>Andersen Corporation and<br>Renewal by Andersen LLC |

## Certificate of Service

I hereby certify under penalty of perjury under the laws of the United States that the foregoing document was electronically filed with the United States District Court using the CM/ECF system. I certify that all participants in the case are registered CM/ECF users and that service will be accomplished by the CM/ECF system.

Dated: June 2, 2023           s/ Devonnie Wharton
                              Devonnie Wharton, Paralegal

DEFS.' ANSWER & AFFIRMATIVE DEFENSES
[Case No.: 2:23-cv-00649-LK] - 11

NEWMAN DU WORS LLP

1201 Second Avenue, Suite 900
Seattle, Washington 98101
(206) 274-2800