UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| JOEL HODGELL,<br><br>　　　　　　　　Plaintiff,<br><br>　v.<br><br>ANDERSEN CORPORATION et al.,<br><br>　　　　　　　　Defendants. | CASE NO. 2:23-cv-00649-LK<br><br>ORDER TO SHOW CAUSE |

　　　　This matter comes before the Court sua sponte. For the reasons discussed below, the Court orders Defendants to show cause within 14 days why this case should not be remanded to King County Superior Court for lack of subject matter jurisdiction. *See* 28 U.S.C. § 1447(c) ("If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded."); *Cal. ex rel. Lockyer v. Dynegy, Inc.*, 375 F.3d 831, 838 (9th Cir. 2004).

## I.　BACKGROUND

　　　　Plaintiff Joel Hodgell initiated this action in King County Superior Court in March 2023 to recover damages and other relief under Washington's Consumer Protection Act ("CPA"), Wash. Rev. Code § 19.86 *et seq.*, based on Defendants' alleged violations of the Commercial Electronic

ORDER TO SHOW CAUSE - 1

Mail Act ("CEMA"), Wash. Rev. Code § 19.190 *et seq. See generally* Dkt. No. 1-1. Hodgell asserts that Defendants Andersen Corporation and Renewal by Andersen LLC "initiated or assisted in the transmission of over one-hundred misleading and unsolicited bulk commercial email solicitations." *Id.* at 3. On May 3, 2023, Defendants timely removed the action to federal district court on the basis of diversity jurisdiction pursuant to 28 U.S.C. §§ 1332, 1441, and 1446. Dkt. No. 1 at 2–3. As relevant here, Defendants support their contention that the amount-in-controversy requirement is met for purposes of diversity jurisdiction by pointing to Hodgell's initial settlement demand email and the prayer for relief in his state court complaint. *Id.* at 6–7; *see* Dkt. No. 1-1 at 6–7 (prayer for relief); Dkt. No. 3 at 9–11 (settlement demand email).

## II.  DISCUSSION

Removal of a civil action to federal district court is proper when the federal court would have original jurisdiction over the state court action. 28 U.S.C. § 1441(a). Federal jurisdiction exists over all civil actions where the matter in controversy exceeds $75,000 and the action is between citizens of different states. 28 U.S.C. § 1332(a)(1). However, Defendants bear the burden of establishing that removal is proper, *Moore-Thomas v. Alaska Airlines, Inc.*, 553 F.3d 1241, 1244 (9th Cir. 2009), and the removal statutes are strictly construed against removal jurisdiction, *Hansen v. Grp. Health Coop.*, 902 F.3d 1051, 1056–57 (9th Cir. 2018). Furthermore, where, as here, "the complaint does not specify the amount of damages sought, the removing defendant must prove by a preponderance of the evidence that the amount in controversy requirement has been met." *Abrego Abrego v. The Dow Chem. Co.*, 443 F.3d 676, 683 (9th Cir. 2006). Conclusory allegations by the defendant will not suffice to overcome the traditional presumption against removal jurisdiction. *Singer v. State Farm Mut. Auto. Ins. Co.*, 116 F.3d 373, 375 (9th Cir. 1997). A district court must remand the action to state court if at any time it determines that "less than a preponderance of the evidence supports the right of removal[.]" *Hansen*, 902 F.3d at 1057; *see also Matheson v.*

*Progressive Specialty Ins. Co.*, 319 F.3d 1089, 1090 (9th Cir. 2003) (explaining that doubts as to removability are resolved in favor of remand).

To be sure, the notice of removal need not "prove" subject matter jurisdiction: "the fact that the party removing a case to a federal district court has the burden of proving that the district court has jurisdiction does not mean that the notice of removal must in and of itself meet this burden." *Acad. of Country Music v. Cont'l Cas. Co.*, 991 F.3d 1059, 1068 (9th Cir. 2021). Only when the plaintiff contests, or the district court questions, a defendant's allegations must the defendant produce evidence establishing the amount in controversy. *Dart Cherokee Basin Operating Co.*, 574 U.S. 81, 89 (2017); *see* 28 U.S.C. § 1446(c)(2)(B). This is one such case.

Defendants correctly point out that a settlement letter can be "relevant evidence of the amount in controversy," Dkt. No. 1 at 6, but that is only so if the letter "appears to reflect a reasonable estimate of the plaintiff's claim." *Cohn v. Petsmart, Inc.*, 281 F.3d 837, 840 (9th Cir. 2002) (per curiam). "A plaintiff's damage estimate will not establish the amount in controversy if it appears to be only a bold, optimistic prediction." *Mata v. Home Depot U.S.A., Inc.*, No. CV-22-1758-FMO (AFMx), 2022 WL 3586206, at *2 (C.D. Cal. Aug. 22, 2022) (cleaned up); *see also Keodalah v. Allstate Ins. Co.*, No. C15-01412-RAJ, 2016 WL 4543200, at *3 (W.D. Wash. Mar. 25, 2016).

Defendants assert that while "the exact number of emails in dispute is unknown, [Hodgell]'s requested statutory damages for even 80 emails would total $40,000," and that he "further seeks actual damages under the same statute based on a $150,000 payment allegedly promised in the subject line of an email he received." Dkt. No. 1 at 6; *see also* Dkt. No. 3 at 2, 9, 11; Wash. Rev. Code § 19.190.40(1) (providing for $500 or actual damages for CEMA violations, whichever is greater). With respect to the latter, Defendants appear to cite $183,000 as the relevant amount in controversy based on a December 30, 2022 email sent directly from Hodgell to defense

ORDER TO SHOW CAUSE - 3

counsel. Dkt. No. 1 at 6–7; *see* Dkt. No. 3 at 2, 9. In that email, Hodgell states that Defendants promised him $150,000 in a spam email and that he would sue Defendants for that amount plus $25,000 in treble damages under Section 19.86.090 of the Revised Code of Washington, as well as for civil penalties of $7,500 per violation under Section 19.86.140. Dkt. No. 3 at 9.

The Court is skeptical of Defendants' arguments regarding the amount in controversy in this case. First, "the Washington CPA reserves certain legal actions," including for civil penalties under Section 19.86.140, "specifically and exclusively to the Attorney General." *Washington v. CLA Est. Servs., Inc.*, No. C18-480 MJP, 2018 WL 2057903, at *1 (W.D. Wash. May 3, 2018). Second, no theory of recovery for $150,000 or more based on the content of a spam email is evident in the complaint. *See generally* Dkt. No. 1-1. It therefore appears that after retaining an attorney, Hodgell did not pursue that theory, undermining Defendants' reliance upon it to satisfy the jurisdictional threshold under 28 U.S.C. § 1332. *See Mata*, 2022 WL 3586206, at *2; *Keodalah*, 2016 WL 4543200, at *3.

In addition, the Washington Supreme Court has held that CEMA provides a direct cause of action for damages only for phishing violations under Section 19.190.090, and that a recipient of unsolicited messages in violation of CEMA must otherwise pursue damages under the CPA. *Wright v. Lyft, Inc.*, 406 P.3d 1149, 1151–53 (Wash. 2017); *see also Harbers v. Eddie Bauer, LLC*, 415 F. Supp. 3d 999, 1002 (W.D. Wash. 2019); *Gragg v. Orange Cab Co., Inc.*, 145 F. Supp. 3d 1046, 1052 (W.D. Wash. 2015). Hodgell's complaint appears to acknowledge this statutory scheme. *See* Dkt. No. 1-1 at 2–3 ("Defendants' violations of the [CPA] are a result of Defendants' violations of [CEMA]."); *id.* at 5–6 (alleging sole cause of action under the CPA). Although Defendants' notice of removal does not substantively engage with the interaction between the CPA and CEMA as it relates to the amount in controversy, it does appear to recognize that the CPA does not permit trebling of statutory damages. Dkt. No. 1 at 6–7 (discussing $40,000 in potential

statutory damages for 80 emails without trebling that figure); *see also* Wash. Rev. Code § 19.86.090 (allowing treble damages up to $25,000 for "*actual* damages" (emphasis added)). Thus, even assuming that Hodgell could potentially recover $50,000 in statutory damages based on the 100-email figure alleged in his complaint, Dkt. No. 1-1 at 3, it would not trigger treble damages under the CPA. *See Handlin v. On-Site Manager Inc.*, 351 P.3d 226, 230 (Wash. Ct. App. 2015) (although failure to show actual damages is not "a complete bar to a recovery," it "precludes the recovery of treble damages" (quoting *St. Paul Fire & Marine Ins. Co. v. Updegrave,* 656 P.2d 1130, 1134 (Wash. Ct. App. 1983))); *see also, e.g.*, *Johnson v. Columbia Debt Recovery, LLC*, No. C20-573RSM, 2021 WL 2472630, at *2 (W.D. Wash. June 17, 2021) (trebling only actual damages).

Accordingly, Defendants shall have 14 days from the date of this Order to show cause why this case should not be remanded to King County Superior Court. *See Acad. of Country Music*, 991 F.3d at 1069. Defendants' submission should not exceed 2,100 words. Hodgell may also file an optional response of no more than 2,100 words within the same time period. Should Defendants fail to timely show cause, the Court will remand the case.

Dated this 17th day of July, 2023.

Lauren King
United States District Judge

ORDER TO SHOW CAUSE - 5