UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| JOEL HODGELL,<br><br>                    Plaintiff,<br><br>       v.<br><br>ANDERSEN CORPORATION et al.,<br><br>                    Defendants. | CASE NO. 2:23-cv-00649-LK<br><br>ORDER REMANDING CASE |

This matter comes before the Court following Defendants' Response to the Court's July 17, 2023 Order to Show Cause. Dkt. No. 20; *see* Dkt. No. 19. For the reasons discussed below, the Court REMANDS this case to King County Superior Court for lack of subject matter jurisdiction. *See* 28 U.S.C. § 1447(c); *Cal. ex rel. Lockyer v. Dynegy, Inc.*, 375 F.3d 831, 838 (9th Cir. 2004).

I.   **BACKGROUND**

Plaintiff Joel Hodgell initiated this action in King County Superior Court in March 2023 to recover damages and other relief under Washington's Consumer Protection Act ("CPA"), Wash. Rev. Code § 19.86 *et seq.*, based on Defendants' alleged violations of the Commercial Electronic Mail Act ("CEMA"), Wash. Rev. Code § 19.190 *et seq. See generally* Dkt. No. 1-1. Hodgell asserts

ORDER REMANDING CASE - 1

that Defendants Andersen Corporation and Renewal by Andersen LLC "initiated or assisted in the transmission of over one-hundred misleading and unsolicited bulk commercial email solicitations." *Id.* at 3. Defendants timely removed the action to federal district court on the basis of diversity jurisdiction pursuant to 28 U.S.C. §§ 1332, 1441, and 1446. Dkt. No. 1 at 2–3. As discussed in the Court's prior order, Dkt. No. 19 at 2, Defendants contend that the amount-in-controversy requirement is met for purposes of diversity jurisdiction due to Hodgell's $150,000 settlement demand. Dkt. No. 1 at 6–7; *see* Dkt. No. 3 at 9–11 (settlement demand email). However, given the Court's questions regarding whether such a demand reflects a reasonable estimate of the value of Hodgell's claims, it ordered Defendants to show cause why this case should not be remanded to King County Superior Court for lack of subject matter jurisdiction. Dkt. No. 19 at 3–5; *see Cohn v. Petsmart, Inc.*, 281 F.3d 837, 840 (9th Cir. 2002) (per curiam).

Defendants responded to the Court's Order by asserting that Hodgell's attorneys have since "confirmed in writing that [he] continues to seek $150,000 in actual damages." Dkt. No. 20 at 3 (emphasis omitted); *see also* Dkt. No. 21 at 4 (July 26, 2023 email from Hodgell's counsel stating: "We are happy to remand to state court but the demand is still $150,000."). Defendants further aver that Hodgell's efforts to recover attorney fees and prejudgment interest "should be added to [his] $150,000 claim for actual damages, thus adding even more cushion to the amount in controversy calculation." Dkt. No. 20 at 4.

## II. DISCUSSION

A. **Legal Standard**

Removal of a civil action to federal district court is proper when the federal court would have original jurisdiction over the state court action. 28 U.S.C. § 1441(a). Federal jurisdiction exists over all civil actions where the matter in controversy exceeds $75,000 and the action is between citizens of different states. 28 U.S.C. § 1332(a)(1). Defendants bear the burden of

establishing that removal is proper, *Moore-Thomas v. Alaska Airlines, Inc.*, 553 F.3d 1241, 1244 (9th Cir. 2009), and the removal statutes are strictly construed against removal jurisdiction, *Hansen v. Grp. Health Coop.*, 902 F.3d 1051, 1056–57 (9th Cir. 2018). Furthermore, where, as here, "the complaint does not specify the amount of damages sought, the removing defendant must prove by a preponderance of the evidence that the amount in controversy requirement has been met." *Abrego Abrego v. The Dow Chem. Co.*, 443 F.3d 676, 683 (9th Cir. 2006).

A district court considers the complaint, the allegations in the removal petition, and "summary-judgment-type evidence relevant to the amount in controversy at the time of removal." *Fritsch v. Swift Transp. Co. of Ariz., LLC*, 899 F.3d 785, 793 (9th Cir. 2018) (cleaned up). The notice of removal, however, need not "prove" subject matter jurisdiction: "the fact that the party removing a case to a federal district court has the burden of proving that the district court has jurisdiction does not mean that the notice of removal must in and of itself meet this burden." *Acad. of Country Music v. Cont'l Cas. Co.*, 991 F.3d 1059, 1068–69 (9th Cir. 2021). Only when the plaintiff contests—or, as happened here, the district court questions—a defendant's allegations, must the defendant produce evidence establishing the amount in controversy. *Dart Cherokee Basin Operating Co.*, 574 U.S. 81, 89 (2017); *see* 28 U.S.C. § 1446(c)(2)(B). If at any time a district court determines that "less than a preponderance of the evidence supports the right of removal," it must remand the action to state court. *Hansen*, 902 F.3d at 1057; *see also Matheson v. Progressive Specialty Ins. Co.*, 319 F.3d 1089, 1090 (9th Cir. 2003) (explaining that doubts as to removability are resolved in favor of remand).

**B.   Defendants Fail to Establish That the Amount in Controversy Exceeds $75,000**

The amount in controversy is an "estimate of the entire potential amount at stake in the litigation[.]" *Jauregui v. Roadrunner Transp. Servs., Inc.*, 28 F.4th 989, 994 (9th Cir. 2022) (emphasis omitted); *see also Greene v. Harley-Davidson, Inc.*, 965 F.3d 767, 772 (9th Cir. 2020)

ORDER REMANDING CASE - 3

("'Amount at stake' does not mean likely or probable liability; rather, it refers to possible liability."). As the Court previously noted, "[a] plaintiff's damage estimate will not establish the amount in controversy if it appears to be only a bold, optimistic prediction." *Mata v. Home Depot U.S.A., Inc.*, No. CV-22-1758-FMO (AFMx), 2022 WL 3586206, at *2 (C.D. Cal. Aug. 22, 2022) (cleaned up); *see also Aguilar v. Walmart Inc.*, No. SACV-23-00685-CJC (DFMx), 2023 WL 4118785, at *2 (C.D. Cal. June 21, 2023) ("[E]ven when a plaintiff presents a statement of damages seeking more than $75,000, the statement is not sufficient to carry the defendant's burden on the amount in controversy requirement if there is not support for the estimate in the complaint or notice of removal."). And while a settlement letter can be "relevant evidence of the amount in controversy," it must "appear[] to reflect a reasonable estimate of the plaintiff's claim." *Cohn*, 281 F.3d at 840; *see also Briggs v. Serv. Corp. Int'l*, No. C22-1646-JLR, 2023 WL 576813, at *2 (W.D. Wash. Jan. 27, 2023). A removing defendant's conclusory allegations will not suffice to overcome the traditional presumption against removal jurisdiction. *Singer v. State Farm Mut. Auto. Ins. Co.*, 116 F.3d 373, 375 (9th Cir. 1997).

Here, Defendants assert that "[b]ecause [Hodgell]'s attorneys have confirmed that they seek to recover twice the jurisdictional threshold, Defendants' Notice of Removal was proper, and this case should not be remanded to state court." Dkt. No. 20 at 4. They argue that "[Hodgell]'s continuing demand for $150,000 in actual damages—made both before and after the filing [of] his complaint, and now expressly re-affirmed by his legal counsel—is a 'particularly powerful form of evidence' that the amount in controversy exceeds $75,000." *Id.* at 3 (quoting *Flores v. Safeway, Inc.*, No. C19-0825-JCC, 2019 WL 4849488, at *3 (W.D. Wash. Oct. 1, 2019)). But the court in *Flores* concluded that "Plaintiff's statement [was] strong evidence of the amount in controversy *because* it provided a reasonable estimate [of] her damages." 2019 WL 4849488, at *4 (emphasis

added); *see also Briggs*, 2023 WL 576813, at *3 ("[Plaintiff's] statement puts his case valuation in line with *Cohn*'s requirement that a settlement demand be reasonable.").

In this case, by contrast, Defendants fail to explain *why* Hodgell's $150,000 settlement demand is a reasonable estimate of his claims. Indeed, that "estimate covers matters beyond those asserted in the Complaint," and "[t]he Court therefore does not find [the] estimate persuasive or reliable[.]" *Licea v. Rugs.com, LLC*, No. 2:21-CV-05308-AB-GJS, 2021 WL 4190635, at *4 (C.D. Cal. Sept. 14, 2021). Thus, for the reasons explained here and in its Order to Show Cause, Dkt. No. 19 at 3–5, the Court finds that Hodgell's $150,000 settlement demand, "without more evidence, does not reflect a reasonable estimate of [his] claim and does not serve to demonstrate that the amount in controversy has been met." *Keodalah v. Allstate Ins. Co.*, No. C15-01412-RAJ, 2016 WL 4543200, at *3 (W.D. Wash. Mar. 25, 2016); *see also Brown v. Amica Mut. Ins. Co.*, No. 2:23-CV-00118-JHC, 2023 WL 2043537, at *1 (W.D. Wash. Feb. 16, 2023) (remanding case where defendants failed to show that plaintiff's demand constituted a "reasonable estimate of the value of the claim." (quotation marks omitted)); *Leon v. Gordon Trucking, Inc.*, 76 F. Supp. 3d 1055, 1070 (C.D. Cal. 2014) ("It was incumbent on [Defendant] to offer *something* to substantiate the damages estimate provided by [Plaintiff]'s lawyer, or otherwise to demonstrate that the amount in controversy exceeds [the statutory minimum]." (emphasis original)).

Furthermore, though Defendants are correct in observing that statutory attorneys' fees are considered "at stake" in the litigation and must be included in the amount in controversy, here again, the removing defendant bears the burden of proving the fee amount by a preponderance of the evidence. *Fritsch*, 899 F.3d at 788, 794; *see also, e.g.*, *id.* at 795 (district courts are "well equipped" to determine "when a fee estimate is too speculative because of the likelihood of a prompt settlement," and "may reject [a] defendant's attempts to include future attorneys' fees in the amount in controversy" if the defendant fails to carry its burden of proof). In their response to

ORDER REMANDING CASE - 5

the Court's Order to Show Cause, Defendants make no effort to explain with any specificity how "the approximate value of" Hodgell's claim for attorneys' fees will contribute to the amount in controversy. Dkt. No. 20 at 4.

Accordingly, because Defendants have failed to establish by a preponderance of evidence that the amount in controversy exceeds $75,000, the Court remands this case for lack of subject matter jurisdiction. *See* 28 U.S.C. §§ 1446(c)(2)(B), 1447(c).

### III. CONCLUSION

For the reasons stated herein, the Court ORDERS that:

1. Pursuant to 28 U.S.C. § 1447(c), all further proceedings in this case are REMANDED to the Superior Court for King County in the State of Washington;

2. The Clerk of the Court shall mail a certified copy of this Order to the Clerk of the Court for the Superior Court for King County Washington;

3. The Clerk of the Court shall also transmit the record herein to the Clerk of the Court for the Superior Court for King County, Washington; and

4. The Clerk of the Court shall CLOSE this case.

Dated this 9th day of August, 2023.

Lauren King
United States District Judge